165 So. 877

STATE v. EISENHARDT et al.

No. 33665.

Jan. 16, 1936.

Edward M. Estalote and H. P. Viering, both of New Orleans, for relators.

John E. Fleury, Dist. Atty., and Ernest M. Conzelmann, Asst. Dist. Atty., both of Gretna, and Hugh M. Wilkinson, of New Orleans, for the State.

O'NIELL, Chief Justice.

Ralph Eisenhardt and Gladstone James were indicted and tried together for the crime of murder, and were convicted and sentenced to be hanged. They have appealed from the verdict and sentence, but the appeal has not yet been heard. This proceeding, brought by Eisenhardt, is a rule on the judge of the district court to

show cause why he should not sign a bill of exceptions which Eisenhardt's attorneys say they reserved, or why Eisenhardt should not have the benefit of a similar bill of exceptions which was reserved by one of the attorneys representing Gladstone James.

On the trial of the case, the state offered in evidence what purported to be confessions made by the defendants to the district attorney and the assistant district attorney and taken down stenographically. The attorneys for the defendants objected to the introduction of the alleged confessions in evidence on the ground that they were not free or voluntary confessions. The jury was withdrawn from the courtroom while the testimony was heard by the judge and taken down by a stenographer, on the question as to whether the alleged confessions were made freely and voluntarily. The judge, having heard the testimony, ruled that the confessions were made freely and voluntarily. The attorneys for the defendants reserved bills of exception to the ruling, and made the record of the testimony on the subject a part of their bills of exception. The jury was then returned into court, and the record of the confessions was read to the jury.

After the state had offered its evidence in chief, and while the evidence on behalf of Gladstone James was being introduced, the attorney, Richard A. Dowling, who, with attorney Carl Conrad, represented James but not Eisenhardt, tendered as witnesses Roy Keenan, Mrs. Keenan, Mrs. Bernard, and Leo McCune to show the physical condition in which Gladstone

James was at the time of the alleged confession; and Mr. Dowling tendered Dr. Unsworth as a witness to show the mental condition in which Gladstone James was at the time of the alleged confession. The attorneys for the state objected to the testimony on the ground that it was irrelevant. The objection being sustained, the witnesses were not allowed to testify; whereupon Mr. Dowling reserved a bill of exceptions, which in due course was signed by the judge. In reserving the bill of exceptions, during the trial, Mr. Dowling announced that he would make the testimony of the witnesses, whom he had named, a part of the bill of exceptions—referring to the testimony which had been heard by the judge, but not by the jury, in the laying of the foundation for the introduction of the confessions in evidence. Immediately upon Mr. Dowling's making that announcement, in reserving the bill of exceptions, Mr. Viering, who, with Mr. Estalote, represented Ralph Eisenhardt, as his attorney in the trial, announced: "We concur in the above motion, with Mr. Dowling, and also reserve a bill to the ruling of the court." After the verdict was rendered, Messrs. Estalote and Viering, as attorneys for Eisenhardt, presented their bill of exceptions to the judge for his signature; but he declined to sign the bill on the ground that no such bill had been reserved by the attorneys for Eisenhardt during the trial. The witnesses who were said to have been tendered by the attorneys for Eisenhardt were Leo W. McCune, Dr. M. M. Odom, and Beauregard Miller. It is said in the bill of exceptions that the purpose for which the testimony was offered

was to show the physical condition of Eisenhardt at the time of the alleged confession. The judge says in his reasons for refusing to sign the bill that, although these witnesses testified before him, out of the presence of the jury, in the laying of the foundation for the introduction of the confessions, the witnesses were not afterwards tendered as witnesses for Eisenhardt, in the presence of the jury; and that the witnesses who were so tendered, namely, Dr. Unsworth, Roy Keenan, Mrs. Keenan, Mrs. Bernard, and Leo W. McCune, were tendered by Mr. Dowling only, as attorney for Gladstone James, and for the purpose of showing the condition of James at the time of the confessions.

The offering of the testimony of Dr. Unsworth was to show the mental condition of Gladstone James only, and is a matter which does not seem to concern Ralph Eisenhardt. But the testimony which was intended to show marks of physical injuries on the defendants, or on either of them—particularly the testimony of Leo W. McCune—was a matter of concern to both of the defendants. The record of their alleged confessions showed that the confessions were made by both defendants together, and were confirmations of confessions which they were said to have made to the police officers, or detectives, in New Orleans. The defendants were arrested in Gretna, in Jefferson parish, where the crime was committed, and were turned over to the chief of detectives in New Orleans, for the purpose of obtaining a confession. The chief of police of Gretna, who took Eisenhardt from the

Jefferson parish jail to the First precinct station in New Orleans, testified: "We brought him over there to get a confession out of him." Eisenhardt was brought to the precinct station about noon on Friday, the 5th of April. The next day he was transferred to police headquarters in New Orleans, and, about 3 o'clock that afternoon, Gladstone James was brought over from Gretna to the police headquarters in New Orleans, where he and Eisenhardt and another young man who was indicted for the same murder were questioned by the New Orleans police officers or detectives. The chief of police of Gretna testified that it took "about four or five hours to take confessions from the three of them." They were returned to the Gretna jail that Saturday night, the 6th of April, about 10 o'clock; and the confessions which were made to the district attorney and assistant district attorney, and offered in evidence, were made in the Gretna jail on Sunday night, the 7th of April.

It appears that the purpose of the testimony intended to be given by the witnesses who were tendered by Mr. Dowling, in the presence of the jury, was to show, as far as it might tend to show, that the defendants were maltreated by the New Orleans police officers or detectives in obtaining the confession originally, and that the confirmation of the confessions, in the Gretna jail, was made under the fear of a repetition of such maltreatment. We do not express an opinion as to whether the testimony of the witnesses tendered by Mr. Dowling would have discredited the confessions alleged to have been made

in the Gretna jail on Sunday night, the 7th of April. The only question before us now is whether Ralph Eisenhardt is entitled to the benefit of the bill of exceptions which was reserved by Mr. Dowling, attorney for Gladstone James, when the judge sustained the objection to the testimony tendered for the purpose of showing the physical condition of Gladstone James, at the time when the confessions were made in the Gretna jail. We do not express an opinion as to whether the testimony of the witnesses tendered by Mr. Dowling was admissible or as to whether there is any merit in the bill of exceptions which Mr. Dowling reserved. But our opinion is that, if the bill of exceptions which Mr. Dowling reserved is well founded, Ralph Eisenhardt, as well as Gladstone James, is entitled to have the benefit of the bill of exceptions. That is not only because one of the attorneys for Eisenhardt joined in the offering and in the objection and the reservation of a bill of exceptions, made by Mr. Dowling, but because, by the tacit consent and mutual understanding of the four attorneys, Mr. Dowling examined all of the witnesses who testified on the question of admissibility of the confessions, which were made by the defendants together; and because, in his examination of the witnesses, Mr. Dowling gave as much attention to the physical condition of Eisenhardt as to that of James, at the time when their confessions were made.

Article 501 of the Code of Criminal Procedure provides:

"Whenever a bill of exceptions has been reserved in any criminal proceeding in which more than one defendant is on trial, it shall be presumed, unless the contrary clearly appear, that the bill has been reserved by all the defendants on trial."

Our opinion is that that article of the Code of Criminal Procedure is applicable to this case, notwithstanding Mr. Dowling, who formally reserved the bill of exceptions, was the attorney of record for Gladstone James only. The important facts, in that connection, are, first, that the two defendants had a common interest in the matter of showing, if they could show, that the confessions which they were said to have made together were made under circumstances which might discredit their confessions, and, second, that the attorney, Mr. Dowling, was, by tacit consent of the attorneys for Eisenhardt, allowed to examine the witnesses on the subject of the physical condition of both of the defendants.

The attorneys for Eisenhardt filed with their petition in this proceeding a certified copy of the record of what was said and done in open court on the occasion of the reserving of the bill of exceptions by Mr. Dowling. It appears that this record was made by the deputy clerk of court, in court, at the time of the occurrence, but was omitted from the transcript filed in this court. The attorneys for Eisenhardt have moved to have the certified copy of the record of the proceedings filed as a part of the transcript; and, as no formal objection has been made to the motion, we shall consider the certified copy of the record of the proceedings as a part of the transcript. That, however, is a matter of little or no importance, in view of article 501 of the Code of Criminal Procedure and the facts disclosed by the transcript. It is. not necessary that the judge of the district court should actually sign the bill of exceptions tendered by the attorneys for Eisenhardt. If the bill of exceptions reserved by Mr. Dowling, which is designated as Bill No. 4, as to the physical condition of the defendants at the time when the confessions were made in the Gretna jail on the 7th of April, 1935, is well founded as to Gladstone James, the bill of exceptions. shall be considered as having been reserved by both of the defendants, under the provisions of article 501 of the Code of Criminal Procedure. And it is so ordered.